UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 09-176-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 5: 14-7352-DCR |
| V. | ) | |
| | ) | |
| LEON ROZELL NOLAND, Jr., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On May 14, 2014, *pro se* Defendant Leon Rozell Noland, Jr., moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 163] In accordance with local practice, Noland's motion was referred to a United States Magistrate Judge for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On April 23, 2015, assigned United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition, recommending that Noland's motion be denied. [Record No. 206] Noland filed timely objections to the Recommended Disposition. [Record No. 207] Having conducted a *de novo* review of the portions of the report to which Noland objects, the Court will adopt Magistrate Judge Ingram's Recommended Disposition and deny the relief sought.

**I.**

On November 2, 2009, the Madison Bank in Madison County, Kentucky was robbed. [Record No. 131, p. 2] The employees described the armed suspect – later identified as

-1-

Noland – as an African-American male with a black handgun.  The robber ordered the employees to place approximately $36,500.00 dollars into a duffel bag, then fled with the money.   Police officers responding to the scene reviewed surveillance footage and determined that the suspect was approximately six feet two inches tall, weighed approximately two hundred twenty pounds and wore a light jacket, dark pants, sunglasses, and a dark toboggan.  [*Id.*, p. 3]  Police also obtained a list of 50 one-dollar bills that were given to the suspect.   The officers were contacted by a witness who had observed an individual fitting the suspect's description running with a duffel bag towards the Player's Club (a local business).   Upon review of the Player's Club's security video footage, police observed the suspect entering a green Dodge Intrepid with a duffel bag.  The car was later located at Regina Alexander's house and was registered in her name.   Alexander informed police that Noland, her ex-boyfriend, was the primary driver of the car and possessed it on the day of the robbery.   A search warrant was obtained for the car, and police located documents in the glove compartment belonging to the defendant.  [*Id.*]

Noland was apprehended by police at a local Wal-Mart.   Police also discovered that the defendant was renting a room at a nearby motel.  [Record No. 131, p. 4]  After obtaining a warrant for the room, officers recovered a black duffel bag filled with, *inter alia*: $29,540.00, sunglasses, a loaded pistol, ammunition, and handwritten notes pertaining to dollar amounts.   However, after comparing the currency in the duffel bag with the list provided by the bank, the police realized that they had been given an incorrect listing of bills. [*Id.*, p. 5]  After obtaining the correct bait list from the bank, the police determined that all

fifty one-dollar bills on the Madison Bank bait list were among the bills found in Noland's motel room.

On December 3, 2009, Noland was indicted by a federal grand jury on charges of armed bank robbery. [Record No. 14]  The Indictment also charged Noland with brandishing a firearm during the commission of the robbery and possessing a firearm as a convicted felon. [*Id.*]  The defendant filed a number of pre-trial motions through counsel and in his *pro se* capacity.   On February 10, 2012, Noland pleaded guilty pursuant to a written Plea Agreement and admitted to the facts and circumstances giving rise to the charges against him.  [Record Nos. 131, 133]  He confirmed that he had robbed the Madison Bank in Richmond, Kentucky, on November 2, 2009, by forcing the employees to open the safe at gunpoint.  [Record No. 116, pp. 13-14]  In the Plea Agreement, Noland waived the right to collaterally attack his guilty plea, conviction, and sentence.  [Record No. 131, p. 7]

On May 14, 2014, Noland filed the current § 2255 petition, which he later amended and supplemented with a supporting memorandum.  [Record Nos. 163, 167]  He asserts ineffective assistance of trial and appellate counsel as grounds for collateral relief. Specifically, Noland argues that his counsel failed to:

1. inform him of viable defenses and coerced him into pleading     guilty;

2. argue that the prosecution introduced falsified evidence;

3. argue that the trial judge abused her discretion;

4. raise the issue of fraud on the court committed by the United States' presentation of falsified evidence;

5. move to quash the indictment because the grand jury heard false evidence and testimony;

6.      move to suppress evidence because law enforcement exceeded the warrant;

7.      move to suppress evidence because it was discovered with a stale warrant;

8.      argue that the warrant was insufficiently particular and overbroad;

9.      argue that the defendant's car should not have been seized;

10.     argue that federal jurisdiction over his case was lacking;

11.     raise the issue of fraud committed by the United States by asserting that the F.D.I.C. was a party to his criminal proceeding;

12.     argue that his arrest lacked probable cause; and

13.     raise successful claims on appeal.

[Record Nos. 163, pp. 5-17; 167-2, pp. 5-24]

On April 23, 2015, United States Magistrate Judge Ingram recommended that the Court deny Noland's § 2255 petition, concluding that he has waived his collateral claims, except for attacks on the knowing and voluntary nature of his guilty plea. [Record No. 206] The Magistrate Judge also concluded that neither trial counsel nor appellate counsel was constitutionally ineffective and that Noland was not prejudiced by his attorneys' actions. [*Id.*] Magistrate Judge Ingram further determined and recommended that an evidentiary hearing and the appointment of counsel were not appropriate.

## II.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that the sentence was imposed in violation of the Constitution or federal law, that the court lacked jurisdiction, that his sentence exceeded the maximum penalty authorized by law, or that the sentence is

otherwise subject to collateral attack.   To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted).

A district court must make a *de novo* determination of those portions of a magistrate judge's recommendation to which an objection is made.   28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.

#### A.    Plea Agreement and Waiver

Pursuant to the written Plea Agreement, Noland waived the right to collaterally attack his guilty plea, conviction, and sentence.  [Record No. 105, p. 7]  Now however, Noland challenges the validity of his guilty plea and written Plea Agreement, alleging ineffective assistance of counsel on the basis that his attorney purportedly coerced him into pleading guilty and did not inform him of viable defenses.  According to Noland, if he had been informed of defenses available to him, he would have proceeded to trial rather than plead guilty.

A criminal defendant has a right to effective assistance of counsel during plea negotiations. *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012).  A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  However,

the defendant has failed to demonstrate that he entered into the plea agreement as a result of ineffective assistance of counsel.

The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to a challenge to a guilty plea based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). Under *Strickland*, a prisoner asserting a claim of ineffective assistance of counsel must show that his defense counsel's performance fell below an objective standard of reasonableness, and he was prejudiced by the attorney's error. *Strickland*, 466 U.S. at 680, 691-92. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *see also United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995). In the context of plea negotiations, the prejudice inquiry focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, to satisfy the prejudice requirement, the prisoner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

Here, Noland alleges that he was "coerced into pleading guilty" and, therefore, denied effective assistance of counsel. [Record Nos. 163, p. 11; 167-2, pp. 5-6] In support, he argues that he misunderstood the terms of his plea agreement, mistakenly believing that "he was preserving his rights to appeal and collaterally attact [sic] the denial of his Supplemental Motion to suppress." [Record No. 202, p. 7] According to Noland, his indecisiveness during

-6-

rearraignment "demonstrated that he did not want to plead guilty," [*Id*., p. 8] and he objects to the Magistrate Judge's finding that he entered into the plea agreement knowingly, intelligently, and voluntarily.  [Record No. 207, p. 9]

Both this Court and the United States Court of Appeals for the Sixth Circuit have determined previously that Noland's waiver was knowing and voluntary.  [Record Nos. 116, 144]  At Noland's rearraignment, presiding United States District Court Judge Jennifer B. Coffman carefully and deliberately proceeded through rearraignment colloquy pursuant to Federal Rule of Criminal Procedure 11.   [Record No. 116, pp. 9-20]   Judge Coffman determined that the defendant understood the terms of the plea-agreement provision waiving the right to appeal or collaterally attack his sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The purpose of Rule 11 is to ensure that a defendant's guilty plea is knowing and voluntary, based on a complete record of factors analyzed by the court through interaction with the sworn defendant.  *See McCarthy v. United States*, 394 U.S. 459 (1969); *Phillips v. United States*, 519 F.2d 483, 485 (6th Cir. 1975).  Rather than "demonstrating that he did not want to plead guilty" [Record No. 202, p. 7] or communicating any dissatisfaction with the plea agreement or related negotiations, Noland instead demonstrated that he was competent to plead guilty, was aware of his rights, and was not forced into the plea agreement.  [Record No. 116]  Further, Noland was not misled regarding the terms of the plea agreement and admitted to a sufficient factual basis for the charged crimes.  The trial court's compliance with Rule 11(b)(1)(N) is sufficient to show that the defendant entered into the waiver agreement knowingly, intelligently, and voluntarily.  *See United States v. Sharp*, 442 F.3d

946, 950 (6th Cir. 2006).   Noland has not established – or even sufficiently identified – conduct by trial counsel that coerced him into pleading guilty.

Noland also claims that his counsel was ineffective for failing to inform him of viable defenses.  [Record Nos. 163, p. 11; 167, pp. 5-6]   He alleges that, had his attorney made him aware of all of the defenses available to him, he would have insisted on going to trial instead of pleading guilty.  [Record No. 163, p. 11]  These defenses, according to Noland, include that "none of the witnesses could positively idenifty [sic] Mr. Noland as the Bank Robber," there "were not finger prints," and "the bait money list did not match any of the money Mr. Noland had in his room, or on his person."  [Record No. 167-2, p. 6]

The defendant has not offered any support for his claim that no eyewitnesses connected him to the robbery.  Although he objects "that is the point he is claiming, that there is nothing in the record supporting that anyone positely [sic] Identified Defendant of [sic] the person who committed the offense," [Record No. 207, p. 30] he bears the burden of proving his allegations by a preponderance of the evidence.  *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").  Noland has not done so.

Moreover, as discussed in the Magistrate Judge's Recommended Disposition, testimony from the suppression hearing indicates that there *were* eyewitnesses to the crime who described a suspect fitting the defendant's description.  [Record No. 101, pp. 8, 14]  In addition, surveillance video footage from inside the bank and from a local parking lot depict a suspect with the defendant's characteristics.  [*Id.* at 8-9]  Likewise, Noland has not shown

that a defense based on the lack of fingerprint evidence would have sufficiently mitigated the substantial evidence against him to establish a reasonable probability of a different result.  In short, Noland has not carried his burden that there were viable defenses but that counsel did not present them to him for consideration.

The remaining defenses that Noland alleges counsel failed to identify are independently asserted grounds for relief in his § 2255 motion.  As discussed below, none are viable defenses that trial counsel was obligated to discuss with the defendant.  Each argument or potential ground for objection would have been unsuccessful, and counsel's "failure to raise futile objections and arguments does not amount to constitutionally deficient performance." *United States v. Perry*, 908 F.2d 56, 59-60 (6th Cir. 1990).  Again, the Court concludes that Noland's guilty plea was knowing and voluntary.  Further, the waiver provision of his plea agreement is valid and enforceable and precludes his remaining § 2255 claims.  However, even if Noland had not waived his right to file a collateral attack of his conviction, his claims would fail on the merits.

### B.    Remaining Ineffective Assistance of Counsel Claims

Noland objects to several of the Magistrate Judge's recommendations on the merits of his claims.  Essentially, his objections concern his claims of ineffective assistance regarding: (1) the second, correct baitlist obtained from the bank; (2) the search warrant for the defendant's hotel room; (3) probable cause for his arrest; and (4) conflicts of interest.

### 1.    The Baitlist

Noland objects to the Magistrate Judge's analysis of his claim that counsel was ineffective for failing to argue that police and the prosecutor were permitted to introduce

allegedly falsified evidence;   specifically, the correct baitlist.   He contends that the prosecutor and trial counsel "redrafted another 'corrected' or fabricated bait list" as part of a "plan or scheme designed to improperly influence the court in its decision."   [Record No. 167-2, p. 29]   Further, Noland argues that the baitlist was not properly authenticated by a record custodian and that Detective Rodney Richardson's testimony was based on hearsay in violation of the Federal Rules of Evidence.   Accordingly, he urges the Court to find that trial and appellate counsel were ineffective by failing to argue against introduction of the baitlist as fraudulent and inadmissible and by failing to argue that the trial judge abused her discretion in admitting the evidence.

The defendant's claim that the list was "fabricated" is a gross mischaracterization. [Record No. 167-2, p. 9]   Rather than tampering with either bait list, Richardson testified that he was initially given the wrong list by bank personnel and was later provided with the correct list when the error was discovered.   [Record No. 101, pp. 6-8]   The defendant has not provided any evidence to support his claim that law enforcement, defense counsel, and/or the United States attorney conspired to defraud the court.   Although the defendant objects that the Magistrate Judge's Recommended Disposition was "simply siding with law enforcement without having any proof regarding whether the transactions are true," [13-14] it is Noland who bears the burden of proving his allegations by a preponderance of the evidence. *McQueen*, 58 F. App'x at 76 (per curiam).   Accordingly, he has failed to establish deficient performance by counsel for failing to assert this frivolous argument.

Moreover, because Noland pleaded guilty, foregoing a jury trial, his inadmissibility argument under the Federal Rules of Evidence are unavailing.   Under Rule 1101(d), these

rules do not apply to grand jury proceedings, issuances of search warrants, preliminary examinations in criminal cases, or sentencing hearings. *See* Fed. R. Evid. 1101(d). The authorities cited by Noland do not compel a different conclusion. Not only does he rely on cases from the United States Court of Appeals for the Fifth Circuit, but the cases exclusively involve the admissibility of evidence *at trial*. *See Rosenberg v. Collins*, 624 F.2d 659 (5th Cir. 1980); *United States v. Fendley*, 522 F.2d 181 (5th Cir. 1975); *United States v. Miller*, 500 F.2d 751 (5th Cir. 1974).

The record fails to support Noland's claim that Detective Richardson introduced falsified evidence and thus fails to support his claim that counsel should have suppressed the baitlist and the money recovered in the motel room. Because the evidence does not suggest that the baitlist was falsified, counsel did not err in declining to argue that the government presented false testimony or evidence to the grand jury, that the government committed fraud on the court, or that the trial court abused its discretion by relying on the bait list. It would have been frivolous for counsel to raise these evidentiary objections.

### 2.      Warrants

Several of the defendant's claims allege ineffective assistance of counsel relating to the search warrant for his hotel room. He alleges that counsel was ineffective for failing to suppress the cash found in the room on the basis that the search exceeded a sufficiently particular warrant, violating his constitutional rights. [Record No. 167-2, p. 12] On the other hand, Noland alleges that counsel was ineffective for failing to argue that the warrant was "insufficiently particular," "overbroad," and "stale." [Record No. 163, pp. 15-16]

As noted in the Magistrate Judge's Recommended Disposition, these claims implicate the overlap of the *Strickland* standard and elements of Fourth Amendment search and seizure law. The Sixth Circuit has held that, while "free-standing Fourth Amendment claims cannot be raised in collateral proceedings under § 2254 or 2255, the merits of a Fourth Amendment claim still must be assessed when a claim of ineffective assistance of counsel is founded on incompetent representation with respect to a Fourth Amendment issue." *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013). In other words, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability of a different verdict, absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The Fourth Amendment ensures that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Cons. Amend. IV. "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927). "Particularity 'eliminates the danger of unlimited discretion in the executing officer's determination of what is subject to seizure.'" *United States v. Greene*, 250 F.3d 471, 476-77 (6th Cir. 2001) (quoting *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991)).

Noland argues that the police searched his motel room under "a warrant and a bait list with serial numbers particularly describing the bait money stolen from the Richmond 'Madison Bank," and the motel-room search, therefore, exceeded the limited terms of the

warrant.  [Record No. 167-2, p. 12]  However, he also argues that the warrant "authorized a search of any evidence relating to the commission of the crime" and was unconstitutionally overbroad as a result.   [Record No. 163, p. 16]  As the Magistrate Judge noted, Noland has failed to provide the subject warrant in support of his claim.  Instead, in his objections to the Recommended Disposition, Noland alleges that the warrant states:

> Any and all United States Currency and more" Sufficifically" Being the Currency to as" Bait List Money "Listed" and " Atached" to this warrent" [sic]

[Record No. 207, p. 31]  Without the warrant, the Court cannot evaluate either the alleged overbreadth of the warrant or whether law enforcement exceeded its scope during the search of the motel room.  Noland has failed to meet his burden of proving the merits of each of these Fourth Amendment claims and, as a result, has not established prejudice.  Thus, his claims of ineffective assistance of counsel on these grounds fail.

The defendant's claim that counsel was ineffective for failing to move to suppress evidence because it was discovered "with a stale warrant," also fails.  [Record Nos. 163, p. 7; 167-2, pp. 13-14]  According to Noland, law enforcement violated his Fourth Amendment rights by comparing the correct bait list with money seized two days earlier from his motel room because a second search warrant was not obtained.  [Record No. 163, p. 7]  However, because Noland has not established that the cash was improperly seized under the first warrant, and because law enforcement was not required to obtain a second warrant to compare already-seized evidence, Noland has not established a violation of his Fourth Amendment rights.  His reliance on *United States v. Keszthelyi*, 308 F.3d 557 (6th Cir. 2002), is unavailing, as that case addresses evidence seized upon a warrantless second search

of a residence.  In the case at hand, law enforcement executed the search warrant on the day it was signed and did not re-enter Noland's hotel room after the initial search.  [Record No. 196-1, p. 2]   Because Noland has not established the merits of the underlying Fourth Amendment claim, his corresponding claim of ineffective assistance of counsel fails.

### 3.       Probable Cause

Relatedly, the defendant claims ineffective assistance based on his attorney's failure to argue that his arrest was not supported by probable cause.  [Record Nos. 163, p. 8; 167-2, p. 15]  An "arrest without probable cause constitutes an unreasonable seizure in violation of the Fourth Amendment." *Ingram v. City of Columbus*, 185 F.3d 579, 592-93 (6th Cir. 1999). Probable cause supports an arrest if, at the time of arrest, the arresting officer had "reasonably trustworthy information" that is sufficient to warrant a reasonable person to "conclude that an individual either had committed or was committing an offense." *United States v. Torres-Ramos*, 536 F.3d 542, 555 (6th Cir. 2008).

The circumstances giving rise to Noland's arrest sufficiently establish probable cause.  Using the bank's surveillance footage and eyewitness testimony, police were able to determine that Noland fit the robber's description.  [Record No. 101, p. 14]  The robber's get-away car – a distinctive green Dodge intrepid with a "gray painted area at the bottom of the vehicle" – was located at Noland's girlfriend's residence and his résumé was found inside the car.  [*Id.* at 24]  Moreover, Noland's girlfriend confirmed that he had used the car the day of the robbery.  [*Id.* at 37]  After conducting an interview with Noland, police placed the him under arrest.  This evidence is more than sufficient to establish probable cause for the

defendant's arrest.[1]  *See Legenzoff v. Steckel*, 564 F. App'x 136 (6th Cir. 2014); *Ahlers v. Shebil*, 188 F.3d 365, 371 (6th Cir. 1999).  Moreover, this issue was fully litigated in a pre-trial suppression hearing.  [Record No. 101]

### 4.      Conflict of Interest

Contrary to Noland's objections, the Magistrate Judge addressed the defendant's conflict of interest claim.  In its entirety, Noland's claim states that his appellate counsel, attorney Paul Nelson, was ineffective for failing to argue that Noland "had an actual conflict of interest with his trial counsel and had filed criminal charges against him."  [Record No. 167-2, p. 8]  The Magistrate Judge correctly applied the *Strickland* standard to this ineffective assistance of appellate counsel claim.  [Record No. 206, p. 37]  Under this standard, a defendant "must demonstrate that, but for counsel's poor performance, there is a reasonable probability the result of his appeal would have been different."  *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2001) (citations omitted).  Appellate counsel will not be found ineffective for "failure to raise an issue that lacks merit."  *Id.* (citing *Greer v. Mitchell*, 264 F.3d 633, 676 (6th Cir. 2001)).  Moreover, "counsel is not required to raise every non-frivolous issue on appeal."  *Caver v. Straub*, 349 F.3d 340, 344 (6th Cir. 2003).  Noland has failed to show that there existed a reasonable probability that his conflict of interest claim would have been successful on appeal.  Beyond the bare assertion of the claim, Noland has

---

[1]      Insofar as Noland attempts to argue that law enforcement's use of the incorrect bait list invalidated probable cause for his arrest, this argument is unavailing because the Defendant was arrested before the search of his motel room occurred.  Therefore, the search had no effect on the probable cause analysis of his arrest.  [Record No. 101, p. 35]

not provided a factual basis sufficient to establish that he is entitled to relief, and therefore fails to meet his burden of proof. *See McQueen*, 58 F. App'x at 76.

Among Noland's objections to the Magistrate Judge's Recommended Disposition, Noland asserts that he "had actually filed the charges against his trial counsel, his privious [sic] trial judge, and the prosecutor[] establishing that a conflict exited [sic] between him and his counsel, and that the Trial Judge and prosecutor had reason to be Bias [sic] against the defenandt [sic]." [Record No. 207, p. 27]  However, Noland has waived the argument that the the prosecutor and trial judge were biased against him.  Noland's petition for habeas review does not include these claims.  As a result, they were not presented to the magistrate Judge and are not properly before the Court. *See Glidden v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (arguments that are not presented to the magistrate are waived); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (same).  Moreover, Noland's objections would be denied *even if* they were properly raised, as he has not provided any facts that would allow the Court to find that he has supported his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Noland does not object to Magistrate Judge's recommended disposition of the remaining claims, and the Court is not required to conduct a *de novo* review in the absence of objections. *Thomas*, 474 U.S. at 150.  Regardless, the undersigned has considered the arguments and agrees with the Magistrate Judge's recommendations.   As more specifically detailed by the Magistrate Judge in his Recommended Disposition, the record does not support any Noland's claims.

**IV.**

The undersigned also agrees with Magistrate Judge Ingram's recommendation that an evidentiary hearing is not warranted. Noland is not entitled to relief on his claims. Further, his allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of facts. *Arredondo v. United States*, 178 F.3d 778,782 (6th Cir. 1999); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994).

The Court further notes that the United States Constitution does not provide a right to counsel in habeas proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). For most motions seeking habeas relief, requests for appointment of counsel are considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "if given the difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

As discussed above, the record conclusively shows that Noland is not entitled to relief. Because neither a hearing nor discovery are warranted in this case, the appointment of counsel is not necessary. *See* Rules 6(a), 8(c), Rules Governing Section 2255 Cases.

**V.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Courts should not issue a Certificate of Appealability as a matter of course. *Miller-El*, 537 U.S. at 337.

In this matter, Noland has not made a substantial showing that he was denied his constitutional rights. The record establishes that his counsel's performance was not deficient, that the defendant's guilty plea was voluntary and knowing, and that Noland is not entitled to relief on any of the grounds asserted. Reasonable jurists would not debate the denial of Noland's § 2255 petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Id.* As a result, a Certificate of Appealability will not issue.

**VI.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 206] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2.      Defendant Leon Rozell Noland's Objections [Record No. 207] to the Recommended Disposition are **OVERRULED**.

2.      Noland's petition to vacate, set aside, or correct his sentence under 28 U.S.C.

§ 2255 [Record No. 163] is **DENIED** and this matter is **DISMISSED** from the Court's

docket.

3.      Noland's motion for an evidentiary hearing and for appointment of counsel

[Record No. 184] is **DENIED**.

4.      The Court declines to issue a Certificate of Appealability.

5.      A Judgment in favor of the United States shall issue this date.

This 18th day of June, 2015.

Signed By:

*Danny C. Reeves*   DCR

United States District Judge